IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS WARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| vs. ) | |
| ) | |
| WELTMAN, WEINBERG & REIS Co., ) | **JURY DEMAND ENDORSED** |
| L.P.A, ) | **HEREON** |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, NICHOLAS WARNER, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, WELTMAN, WEINBERG & REIS Co., L.P.A., , Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the OCSPA, Ohio Rev. Code § 1345.01, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Willoughby, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Discover Bank.

6. On information and belief, Defendant is a legal professional association of the State of Ohio, which has its principal place of business in Cleveland, Ohio.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. Around March of 2009 Plaintiff began receiving calls from Defendant's representatives, including, but not limited to Ted Traut and David Head, regarding collection of the aforementioned the alleged debt. Since the initial contact, Defendant's representatives frequently and continuously called and left messages on Plaintiff's phone for a period of months. Defendant's representatives made calls to Plaintiff at least up and until June of 2009

8 During this time period Defendant's representatives also called and conversed with Plaintiff's mother, Charlene Warner, on more than one occasion regarding the alleged debt. In their efforts to collect the alleged debt, Defendant's representatives disclosed personal information to Plaintiff's mother. Defendant's representatives tried to obtain Plaintiff's bank account information during conversations with Plaintiff's mother.

9. Defendant's representatives also threatened Plaintiff with repercussions that would purportedly occur if Plaintiff did not make payment on the alleged debt. These threats included repeated threats that he would lose his home and that Defendant would place a lien on his home if he did not make payment of the alleged debt. One such threat was made during a

phone conversation between Plaintiff and a representative of Defendant on or about April 9, 2009.

10. At the time these threats were made, Defendant could not have placed a lien on Plaintiff's home, as no judgment had yet been entered against Plaintiff. Defendant did obtain a judgment on behalf against Plaintiff on behalf of its client, but not until July 1, 2009.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Causing a telephone to ring or engaging Plaintiff and his mother in conversation repeatedly and continuously with the intent to annoy, abuse or harass them, in violation of 15 U.S.C. § 1692d(5);

    b. Representing or implying that nonpayment of the alleged debt would result in the attachment and/or sale of Plaintiff's property where such action was unlawful and Defendant did not intend to take such action at that time, in violation of 15 U.S.C. § 1692e(4);

    c. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5); and

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, NICHOLAS WARNER, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered;

      b.      Statutory damages of $1,000.00 for each violation of the FDCPA;

      c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      d.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

13. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

15. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

16. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

17. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

18. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

19. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, NICHOLAS WARNER respectfully prays for judgment against Defendant as follows:

    a.    Three (3) times all actual damages suffered for each violation;

    b.    All statutory damages to which Plaintiff is entitled for each violation;

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d.    Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for the trebling of any damages pursuant to Ohio Rev. Code § 1345.09 and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd., Suite 601
Beachwood, OH 44122-5452
(888) 595-9111, ext. 711 (phone)
(866) 382-0092 (facsimile)
dlevin@attorneysforconsumers.com